UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WAYNE NAPOLITANO | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| OFFICER ERICK UBEDA; OFFICER ROBERT | ) | |
| PASQUALINO; AND OFFICER BRIAN PAVAO, | ) | |
| Defendants. | ) | Docket no. 16-12241 |
| | ) | |

## INTRODUCTION

1. This is an action for money damages for violations of the Plaintiff's constitutional rights brought pursuant to 42 U.S.C. § 1983 and related state law. Plaintiff Wayne Napolitano alleges that the Defendant Somerville police officers Erick Ubeda, Robert Pasqualino, and Brian Pavao used excessive force against him in violation of the Fourth and Fourteenth Amendments to the United States Constitution and the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I. Defendant officers stormed into the Plaintiff's home while he was ill with Streptococcal pharyngitis, dragged him out of his bedroom, threw him to the ground, hand-cuffed him, and sprayed pepper spray in his face and eyes, causing the Plaintiff to suffer an asthmatic attack. The Defendant officers then left the Plaintiff standing on his porch in frigid December temperatures while refusing to give Plaintiff his nebulizer or provide him with medical attention.

## JURISDICTION

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

1

## PARTIES

3. At all times relevant to this action, Plaintiff Wayne Napolitano was a resident of Somerville, Massachusetts.

4. Defendant officer Erick Ubeda is a police officer for the Somerville Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the City of Somerville.

5. Defendant officer Robert Pasqualino is a police officer for the Somerville Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the City of Somerville.

6. Defendant officer Brian Pavao is a police officer for the Somerville Police Department, acting under color of law at all times relevant to this Complaint, and is sued in his individual capacity as a police officer for the City of Somerville.

## FACTS

7. Mr. Wayne Napolitano is an American citizen and a life-long resident of the state of Massachusetts.

8. On, or about, the morning of December 12, 2013, Mr. Wayne Napolitano visited the emergency room at the Somerville hospital.

9. He visited the emergency room seeking treatment for Streptococcal Pharyngitis.

10. He was also suffering from upper respiratory complications due both to his illness and his chronic condition of asthma.

11. After leaving the hospital, Mr. Napolitano returned home and went directly to bed.

12. As Mr. Napolitano lay resting in bed, his landlord came to the door and engaged in a frustrated verbal conversation with the plaintiff regarding the landlord's desire for Mr. Napolitano and his roommate to vacate the apartment.

13. At the conversation's end, the landlord left and Mr. Napolitano went back to bed.

14. The landlord then called the Somerville police, who arrived at Mr. Napolitano's apartment.

15. Mr. Napolitano's roommate's son answered the door and the defendant officers entered the home.

16. The officers were not given permission to enter by the roommate's son.

17. Once inside Mr. Napolitano's home, the defendant officers opened the door of his bedroom, grabbed his arm, and attempted to handcuff him without telling him why they were in his home or why they were arresting him.

18. The three defendant officers pulled Mr. Napolitano to the ground and handcuffed his hands behind his back.

19. As the officers pushed Mr. Napolitano to the ground, Defendant officer Pasqualino sprayed him in his face, mouth, nose, and eyes with pepper spray at close range, blinding Mr. Napolitano and causing him to scream out in pain.

20. Mr. Napolitano immediately began to have an asthmatic attack and serious difficulty breathing.

21. The defendant officers then took Mr. Napolitano's shirt, pulled it off his body, and left it hanging over his head.

22. Mr. Napolitano told the officers that he was having an asthma attack and that he could not breath.

23. He repeatedly asked to be taken to the emergency room and for the officers to hand him his nebulizer (which was in his bedroom).

24. The officers ignored Mr. Napolitano's requests for help. Instead, they brought him outside onto the porch of his apartment building.

25. Mr. Napolitano was then forced to stand on his porch for approximately ten minutes, shirtless and struggling to breath in December temperatures that were in the low 20s.

26. The officers then placed Mr. Napolitano in a police van and waited approximately five additional minutes before transporting him to the station, where was booked and finally given medical attention.

27. As a result of this incident, Mr. Napolitano was subsequently criminally charged in Somerville District Court with (1) assault and battery with a dangerous weapon; (2) resisting arrest; (3) assault and battery on a police officer, and (4) witness intimidation.

28. On November 4, 2014, the witness intimidation charge was dismissed.

29. Mr. Napolitano went to trial on March 25, 2015. The jury returned a verdict of not guilty on all the remaining charges.

30. Mr. Napolitano has experienced severe emotional distress as a result of this incident including fear of the police, trouble sleeping, and persistent anxiety.

31. Plaintiff has sought treatment with a psychologist after his anxiety and depression worsened after the incident.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## BY ALL INDIVIDUAL DEFENDANTS

32. Mr. Napolitano restates the allegations in paragraphs 1 through 31, and incorporates said paragraphs herein as paragraph 32.

4

33. By the actions described above in paragraphs 1 through 31, Defendants, acting under color of law, deprived Mr. Napolitano of his right to be free from the use of excessive force and unreasonable seizure, in violation of 42 U.S.C. § 1983 and his Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution.

**COUNT II**
**VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT: M.G.L. c. 12, § 11I**
**BY ALL INDIVIDUAL DEFENDANTS**

34. Mr. Napolitano restates the allegations in paragraphs 1 through 31 and incorporates said paragraphs herein as paragraph 34.

35. By the actions described above in paragraphs 1 through 31, Defendants violated Mr. Napolitano's civil rights through threats, intimidation, and coercion, in violation of M.G.L. c. 12, § 11I.

**WHEREFORE,** the Plaintiff requests that this Court award:

1. Compensatory damages against all Defendants jointly and severally;

2. Punitive damages against all Defendants;

3. The costs of this action, including reasonable attorneys' fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.

**DEMAND FOR JURY TRIAL**

A jury trial is hereby demanded.

DATED:        November 4, 2016

> Respectfully Submitted
> Plaintiff WAYNE NAPOLITANO
> By his attorneys,
>
> /s/Jessica D. Hedges
> Jessica D. Hedges
> BBO No. 645847
> Michael Tumposky

5

6

BBO No. 660618
Hedges & Tumposky, LLP
50 Congress Street, Suite 600
Boston, MA 02109
T) (617) 722-8220

6